| | |
|---|---|
| LYNORE REISECK, | UNITED STATES DISTRICT COURT |
| Plaintiff, | SOUTHERN DISTRICT OF FLORIDA |
| | CASE NO. 15-20935 |
| VS. | |
| CARL RUDERMAN, ET AL, | FILED by ___ D.C. |
| Defendant. | MAY 07 2015 |
| _____/ | STEVEN M. LARIMORE |
| | CLERK U.S. DIST. CT. |
| | S. D. of FLA. – MIAMI |

### PLAINTIFF'S EX- PARTE MOTION FOR BREAK ORDER AND AFFIDAVIT IN SUPPORT OF SAME AND SUPPORTING MEMORANDUM OF LAW

Plaintiff/ Judgment Creditor Lynore Reiseck by and through her undersigned Counsel, hereby file this Ex Parte Motion for Break Order and respectfully requests that this Court enter an order authorizing the US Marshal's Service to enter- using force (including to break the doors, locks and other hindrances) to gain such access necessary- into 20165 NE 39 STREET, TS1, AVENTURA, FLORIDA and any additional land or building where property belonging to the Defendant, Carl Ruderman may be located for purposes of levying on and seizing such property pursuant to a Writ of Execution issued by the Clerk of the Court in this proceeding. Plaintiff further request that the Court enter an order sealing this motion and the Court's order so the defendant will not be alerted to this filing, pursuant to Plaintiff's Motion to Seal filed with this Motion under S. D. Fla. L. R. 5. 4. Plaintiff further request that this Court provides four (4) certified copies of the Court's break order, if and when it issues, to Plaintiff's counsel Max A. Goldfarb, to provide to the U. S. Marshal's office with said certified copies. Once the seizure is accomplished, Plaintiff will file a motion to unseal this motion and the Court's order. In support Plaintiff states:

1. Plaintiff's obtained a final judgment against the Defendant, Carl Ruderman, after 11 years of litigation in the sum of $284,078.86 plus statutory interest against the Defendant, Carl Ruderman.

2. On March 6, 2015 after registering the final judgment in the Southern District of Florida, where the defendant resides, a writ of execution was issued by the clerk of the court, document number (5).

3. It is Plaintiff's intention to have the United States Marshal's service serve the the writ of execution. Upon demand for payment, if the Defendant does not have the funds to pay the judgment along with the interest or refuses to pay, Plaintiff intends to levy on Mr. Ruderman's personal property.

4. Attached to this Motion is an affidavit from Attorney Alan B. Pearl, who represented the Plaintiff in this action since 2004. Exhibits are attached to the Affidavit that show that Mr. Carl Ruderman has enough assets in his name that were shipped from New York to Florida.

5. All of the defendant's personal property, with the exception of certain limited exemptions from execution under Florida law, is subject to execution in satisfaction of Plaintiff's final judgment. Final Judgment. *See* Fla. Stat. § 56.61 (2014) (governing what property is subject to execution). Defendant has the burden of asserting, if he so chooses, with respect to particular item(s) of property, any applicable exemption from execution under Florida law; Plaintiff does not have the burden to establish that a

particular item of property is subject to execution); *See* Fla. Stat. § 222.061 (providing methods of exempting of personal property from execution) *See* Fla. Stat. § 222.12 (outlining procedures for debtor to follow in order to claim exemption of personal property from execution).

6. Accordingly, Plaintiff is entitled to immediately execute on Defendant's non-exempt property. However, absent this Court's entry of a break order sought herein, Plaintiff and the U. S. Marshal's Service would only be able to levy on any of Defendant's property not located within his residence and business, if they were able to access the structure and remove the property without breaching the peace. Therefore, as a practical matter and absent the requested Break Order, Plaintiff could only successfully execute on Defendant's property if the parties with control over the structures where the property is located voluntarily grant Plaintiff and the U. S. Marshal Service access thereto. They most certainly will not do this. There is nothing in the history of this case to suggest that the Defendant will voluntarily allow entrance to the U S Marshal. This Court should not permit Defendant to thwart the judicial system and to otherwise avoid execution on property that is located within the jurisdiction of the court. Accordingly, and for the reasons set forth herein, the requested break order is both necessary and just under these circumstances.

### MEMORANDUM OF LAW
### FED. R. CIV. P. 69 (a)(1) PROVIDES THAT STATE LAW CONTROLS ENFORCEMENT OF FEDERAL JUDGMENTS IN THE ABSENCE OF SPECIFIC, CONTROLLING FEDERAL LAW

Federal Rule of Civil Procedure 69 (a)(1) provides, in pertinent part, as follows:

> **"Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution and in proceeding supplementary to and in aid of Judgment or execution- must accord with the procedure of the state where the Court is located, but a federal statute governs to the extent it applies."

There is no specific federal statute that governs post-judgment enforcement of money judgments such as this judgment entered in this action against the defendants. Consequently, Florida post judgment execution statutes and procedure apply to the Plaintiff's efforts to execute upon this judgment. *See Fehlhaber*, 664 F. 2d 260, 262 (11th Cir. 1981); *see also Comer v. City of Palm Bay*, 2001 WL *2 (M.D. Fla. 2001).

## DEFENDANTS ARE NOT ENTITLED TO RECEIVE NOTICE OF THE MOTION FOR BREAK ORDER

Because personal property in a debtor's home is likely to be portable and can be removed if notice of the requested Break Order is given, Break Orders are issued on an *ex parte* basis. See *Braswell v. Ryan, Inv. LLC*, 2003 WL 354509, *3 (Fla. Cir. Ct. 2003) (upholding entry of *ex parte* post- judgment break order). In addition, Fla. Stat. § 56.21 provides that:

> Executions: issuance and return, alias, etc, - When issued an execution is valid and effective during the life of the judgment or decree on which it is issued. When fully paid, the officer executing it shall make his or her return and file it in the Court which issued the execution. If the execution is lost or destroyed, the party entitled thereto may have an alias, pluries or other copies on making proof of such loss or destruction by affidavit and filing it in the court issuing the execution.

Fla. Stat. § 56.021 does not require notice to the judgment debtor for issuance of the initial writ of execution or a post judgment break order. In fact, the only section in Florida Statutes Chapter 56 (Final Process) which requires that notice be given to the

judgment debtor is § 56.21, the section which governs the sale of porperty after execution. Florida Stat. § 56.21 provides that before a sale under execution may occur, notice of the sale " shall be given by advertisement once a week each week for 4 successive weeks in a newspaper published in the county in which the sale is to take place" and "shall be furnished by the Sheriff by certified mail to the attorney of record of the judgment debtor, or to the judgment if the judgment does not have an attorney of record". Thus, "[a]fter rendition a final judgment, a judgment debtor is not entitled to prior notice of a levy or entry of a break order." See *Braswell v. Ryan, Inv. LLC*, 2003 WL 354509, *3 (Fla. Cir. Ct.2003); *see also Bivins v. Wrap It Up, Inc.* 2008 WL 3539733 at *2 (S. D. Fla.2008) (same). "[B]ecause of the reality that personal property in a debtor's home is often portable and can be relatively easily secreted or moved if advance notice of a levy is given it is an appropriate procedure for a judgment creditor to obtain a break order on an ex-parte basis". "*Braswell*, 2003 WL 354509, *3; *see also Bivins* 2008 WL 3539733 at *2.

### THE FLORIDA REPLEVIN STATUTE BY ANALOGY, SUPPORTS PLAINTIFF'S ENTITLEMENT TO A BREAK ORDER FOR PURPOSES OF ENFORCING THE WRIT OF EXECUTION ISSUED BY THIS COURT

The other Florida post-judgment enforcement procedure which lends insight into the procedure for enforcement of Writs of Execution in the instant case is the Florida replevin statute – Florida Statutes Chapter 78.

Fla. Stat. § 78.10 provides for the inssuance of Break Orders to aid in the service and enforcement of writs of replevin.

> **Writ; execution of property in building or enclosures.**
> In executing a writ of replevin if the Sheriff has reasonable grounds to believe that the property or any other part thereof is secreted or concealed in any dwelling house or other building or enclosure, the Sheriff shall publicly demand delivery thereof; and, if it is not delivered by the Defendant or some other person, the Sheriff shall cause such house, building, or enclosure to be broken open and shall make replevin according to the writ;  and, if necessary, the sheriff shall take to his or her assistance the power of the county. However, if the Sheriff does not have reasonable grounds to believe that the property to be replevied is secreted or concealed in any dwelling house or other building or enclosure, **the Plaintiff may petition the court for a "break order" directing the Sheriff to enter physically any dwelling house or other building or enclosure. Upon a showing of probable cause by the Plaintiff, the court shall enter such a "break order."** (emphasis added).

Thus pursuant to § 78.10, Florida law authorizes a judgment creditor to have a Sheriff (or, in the instance of a federal proceeding such as this, the U. S. Marshal) enter a break order open any dwelling, building or enclosure in order to execute a writ of replevin against a defendant's personal property. Significantly, replevin is typically utilized as a pre-judgment remedy in order to secure and protect property of the defendant in which the Plaintiff has a possessory interest while the rights of the parties are being finally adjudicated. In the instant case, Plaintiff has already obtained a final judgment against the Defendants, which entitles it as a matter of law to execute on Defendant's property in satisfaction of that judgment.

Only a few cases even briefly mention the "break order" provision in  § 78.10. See *In re Rogers,* 251 B. R. 626 627 ( N. D. Fla 2000); *Ganfelhoff v. Transamerica Commercial Finance Corp.*, 611 So. 2d 1333, 1334 (Fla. 2d DCA 1993); *I. A. Durbin Inc. vs. Jefferson National Bank* 793 F. 2d 1541, 1545 (11th Cir. 1986)  on his property. Of the cases, only *Durbin* expressly discusses Fla. Stat. § 78.10 and cites that

statute in support of its finding that the Sheriff had authority "to enter a locked building to execute a writ of replevin if he has a 'reasonable grounds' to believe that the concealed property is on the premises" *Id.* Such "reasonable ground" in this case exists because plaintiff believes the list of the items attached to this motion shows that the Defendant shipped valuable items from New York to Florida. Therefore reasonable grounds exists in the instant case as probable cause for the issuance of a break order, because it appears that the valuable personal property listed is in his residence in Florida.

It is reasonable to believe that if the U S Marshal goes to the Defendant's residence or other location where property may be located without a Break Order and is unable to enter the premises because either the Defendant is not home or refuses to answer the door, the Defendant will find out about Plaintiff's efforts and will move to hide all non-exempt personal property. Accordingly, there is probable cause to include as part of Plaintiff's execution efforts the requested Break Order, as well as direction to the Clerk of the Court that this motion and Court's order on this motion be sealed so that notice is not sent to Defendant's counsel of the filing of these sealed documents.

WHEREFORE, Plaintiff respectfully request that this Court grant its *Ex Parte* Motion for Break Order and enter an Order (authorizing the US Marshal's service to physically enter Defendant's residence and properties, using a licensed locksmith to open doors and or other hindrances including safes) to gain such access for the purposes of serving and enforcing the Writ of Execution.

Plaintiff further requests that the Court instruct the Clerk of the Court to seal this

motion and the Court's order on this motion pending the filing of a motion by Plaintiff to unseal the paper upon the Marshal's completed execution and seizure of the Defendant's/ Judgment Debtors assets.

Plaintiff further requests that the Clerk of the Court be directed to provide four (4) certified copies of the executed Break Order to Plaintiff's Counsel.

DATED May 6 , 2015.

_____
MAX A. GOLDFARB / BAR NO. 029658
ATTORNEY FOR PLAINTIFF
19 WEST FLAGLER STREET
SUITE 703
MIAMI, FLORIDA 33130
TELEPHONE (305) 371-2538
max@maxgoldfarb.com
service@maxgoldfarb.com